IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ALDEN RAY SMITH,<br><br>          Plaintiff,<br><br>     v.<br><br>KEITH MILLETT et al.,<br><br>          Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:07-CV-723 TS<br><br>District Judge Ted Stewart |

Plaintiff, Alden Ray Smith, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2009).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b).  *See* 28 *id.* § 1915(b).  Before the Court are Defendant Millett's Motion to Set Aside Default, Defendants Kelly, Millett and Thomas' Motion to Dismiss, Defendant Dunlap's Motion to Dismiss, and Plaintiff's motions for appointed counsel and discovery.

**ANALYSIS**

**I. Background**

Plaintiff's Complaint alleges violations of his Fourth, Sixth and Fourteenth Amendment rights based on two separate incidents in which he was arrested.  In the first incident, which occurred on January 24, 2004, Plaintiff was arrested for

possession of methamphetamine following a *Terry* stop conducted by
Defendants Thomas and Kelly.  Plaintiff alleges that Thomas and
Kelly arranged for a woman to hand Plaintiff some methamphetamine
and just walk away without receiving any money.  After Plaintiff
put the drugs in his pocket the officers approached Plaintiff and
asked to speak with him but he refused.  The officers then stated
that there was an outstanding arrest warrant for Plaintiff which
Plaintiff denied, stating it had already been resolved.  While
speaking with the officers Plaintiff repeatedly put his hands in
his pockets and the officers asked him to remove them.  At some
point during the conversation the officers suddenly and
forcefully seized Plaintiff and placed him in handcuffs.  After
searching Plaintiff's pockets and finding the methamphetamine the
officers arrested Plaintiff.  On June 23, 2004, Plaintiff was
charged in the Utah Fifth District Court (case no. 0441500040)
with possession of methamphetamine within 1000 feet of a public
school.  That case was later dismissed on the motion of the
prosecutor.

The second incident, which occurred on March 12, 2004,
involved the search of Plaintiff's residence pursuant to a search
warrant obtained by Defendant Schlosser.  Plaintiff alleges that
while in jail on the meth possession charge he met another inmate
named Michael Patrick.  Patrick purportedly discussed with other

2

inmates, including Plaintiff, techniques for manufacturing
methamphetamine.  Following their release from jail Patrick came
to Plaintiff's apartment and offered to provide him with red
phosphorous, a precursor chemical for making meth, but Plaintiff
refused the offer stating that he had no use for the chemicals.
About one month later Patrick, allegedly acting as a confidential
informant for the Iron/Garfield County Narcotics Task Force
("Task Force"), returned to Plaintiff's apartment and without
permission placed a box on Plaintiff's shelf.  Later that evening
Defendants  Millett, Schlosser, Dunlap, Wayne Peterson and Jobe
Peterson executed a search warrant on Plaintiff's residence.
After searching the premises and finding the red phosphorous
delivered by Patrick Defendants placed Plaintiff under arrest.
On March 16, 2004, Plaintiff was charged in the Utah Fifth
District Court (case no. 041500152) with possession of a
precursor substance and possession of drug paraphernalia.  After
spending forty days in jail Plaintiff was released on a $15,000
bond.  Plaintiff's trial was initially set for October 7, 2004,
however, due to a series of delays and extensions the trial date
was repeatedly postponed.  On September 27, 2005, Plaintiff was
sentenced to a prison term of 5 years to life on drug charges
stemming from a separate incident.  Eventually, on January 18,
2007, the charges against Plaintiff were dismissed on the

prosecutor's motion.

The Court liberally construes Plaintiff's Complaint to allege four separate claims arising under the Fourth Amendment: (1) unreasonable search and seizure based on the *Terry* stop conducted by Defendants Thomas and Kelly; (2) malicious prosecution stemming from the *Terry* stop incident; (3) unreasonable search of Plaintiff's residence based on a deficient or wrongfully obtained warrant; and, (4) malicious prosecution stemming from the residential search incident.  Plaintiff's Complaint also asserts a Sixth Amendment claim for denial of a speedy trial and a Fourteenth Amendment due process claim for entrapment.  As discussed more fully below, only Plaintiff's Fourth Amendment claims are properly pled.

Plaintiff's Complaint names as defendants three Cedar City Police Department employees--Keith Millett, Jason Thomas[1], and Clint Kelly (Cedar City Defendants); four Task Force employees-- Del Schlosser, Wayne Peterson, Jobe Peterson and Michael Patrick

---

[1]  The Complaint mistakenly identified Thomas' first name as Robert, however, in Cedar City Defendants' motion to dismiss the officer involved in the *Terry* stop is identified as Jason Thomas. Although the summons addressed to Robert Thomas was returned unexecuted (doc. no. 29) a general appearance was entered on Jason Thomas' behalf, thus no further service on Thomas is necessary.  The Court will amend the docket to reflect Thomas' correct first name.

(County Defendants);[2] and, one employee of the Utah Bureau of Investigation--Brent Dunlap.[3]  Each of the defendants have answered the Complaint and motions to dismiss have been filed by the Cedar City Defendants and Brent Dunlap.  Plaintiff's Complaint seeks compensatory and punitive damages, "a deal for a reduction of time on [Plaintiff's] sentence," attorneys fees and costs.

## II.  Non-Dispositive Motions

### A. Plaintiff's Motions for Appointed Counsel

Plaintiff seeks appointment of pro bono counsel to represent him in this case.  Plaintiff asserts that appointed counsel is warranted because he cannot afford to retain counsel, he has limited education, legal knowledge or access to legal materials, his incarceration makes it difficult to research and investigate issues, he is not equipped to conduct a trial, and the prison

---

[2]  The Complaint identifies Michael Patrick as a Task Force employee based on his alleged role as a confidential informant. The summons reflects that the U.S. Marshals Service attempted to serve Patrick at his listed residence on two occasions but were told that he had been evicted and his whereabouts were unknown. Service for Patrick was subsequently attempted on Keith Millet but was apparently rejected.  Despite the failure of personal service an Answer was filed on Patrick's behalf along with the other Iron County Defendants.

[3]  Defendant Dunlap is mistakenly listed in the Complaint as Officer "Dunlop."  The Court has amended the docket to reflect the correct spelling.

contract attorneys have refused to assist him.

It is well established that plaintiffs in civil cases do not have a constitutional right to counsel.  *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987).  However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1).  *See* 28 U.S.C.A. § 1915(e)(1) (West 2005); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  When deciding whether to appoint counsel the court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39.  "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."  *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Applying the above standards, the Court finds that appointment of pro bono counsel is not warranted at this stage of the litigation.  At this point the primary issue before the Court is the legal sufficiency of Plaintiff's allegations.  As the

Tenth Circuit has noted, "a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). The liberal construction of *pro se* pleadings also makes appointed counsel unnecessary at the pleading stage. Under Supreme Court precedent a pro se litigant's pleadings must be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Moreover, the legal and factual issues presented here are not complex. Thus, the Court denies Plaintiff's motions for appointed counsel at this time, however, if it becomes apparent that appointed counsel is necessary as this case progresses the Court will revisit this issue *sua sponte*. The Court will not entertain any additional motions for appointed counsel by Plaintiff.

### B. Plaintiff's Motion for Discovery

Plaintiff has filed a motion seeking "full discovery" from defendants including "officer's reports, court transcripts, arrest warrants, search warrants, dispositions, court dockets, jail booking records and all other documents pertinent to this matter." Plaintiff assert that discovery is warranted based on

apparent discrepancies between the allegations presented in his Complaint and the facts presented in Defendants' answers and motions to dismiss.

Plaintiff's argument regarding the need for discovery at this stage appears to misapprehend the nature of a motion to dismiss under Rule 12(b)(6). The purpose of such motions is to allow the Court to eliminate claims that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326-327, 109 S. Ct. 1827 (1989). A motion to dismiss questions the legal sufficiency of a complaint; therefore, in assessing the merit of a Rule 12(b)(6) motion, the court assumes that all factual allegations set forth in the complaint are true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2233 (1984). Moreover, all factual allegations are construed in the light most favorable to the Plaintiff. *See Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378 (1989).

For present purposes the Court is only concerned with the purely legal questions whether Plaintiff's allegations are sufficient to state a claim for relief that is plausible on its face. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1970 (2007). Because the Court at this stage assumes

8

the allegations in the Complaint to be true and construes them in the light most favorable to Plaintiff discovery is unnecessary at this time.  Thus, Plaintiff's motion for discovery is denied.

### C. Millett's Motion to Set Aside Default

Defendant Millett moves to set aside the Default Certificate entered against him by the Clerk of Court on November 20, 2008. Rule 55(c) of the Federal Rules of Civil Procedure states that "the court may set aside an entry of default for good cause." The principle factors in determining whether a defendant has met the good cause standard are: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995).

Millett asserts that good cause exists here based on the confusion caused by Plaintiff's misidentification of fellow Cedar City Defendant Jason Thomas.  Millett's counsel states that he was uncertain whether Thomas had been properly served and was awaiting service upon Thomas before responding.  Millett's counsel also states he was not aware until December 18, 2008, that default had been entered.  Millett argues that setting aside the default against him will not prejudice Plaintiff because Plaintiff has identical claims pending against co-defendants

9

which must still be litigated.  Millett also asserts that good cause exists because he has asserted meritorious defenses to Plaintiff's claims in his Answer and motion to dismiss.

Although the Court does not condone Millett's failure to timely respond to the summons served upon him, based on a review of the docket and consideration of the relevant factors the Court finds good cause to set aside default here.  Most importantly, it does not appear that Plaintiff will be prejudiced if Millett's motion is granted.  Thus, Millett's motion to set aside default is granted.

### III. Sufficiency of Plaintiff's Claims

Before addressing Defendants' motions to dismiss the Court will first evaluate the sufficiency of Plaintiff's speedy trial and due process claims.  Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* which are frivolous, malicious, fail to state a claim upon which relief may be granted, or, "seek[] monetary relief from a defendant who is immune from suit."  *See* 28 U.S.C.A. § 1915(e)(2)(B) (West 2009).

### A. Speedy Trial

Plaintiff's Complaint asserts a Sixth Amendment claim for denial of a speedy trial against each of the named defendants. Under Tenth Circuit precedent, "[a] Sixth Amendment speedy trial

10

claim is assessed by balancing: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, (4) and, whether the delay prejudiced the defendant. *Jackson v. Ray*, 390 f.3d 1254, 126061 (10th Cir. 2004). As explained by the Tenth Circuit, "[n]one of these factors, taken by itself, is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id*.

The allegations in Plaintiff's Complaint are not sufficient to state a claim for denial of a speedy trial. First, although the delay in this case appears substantial, Plaintiff does not allege that he ever formally asserted his right to speedy trial. Second, based on the court dockets submitted with Defendant's motions to dismiss it is apparent that much of the delay in bringing Plaintiff's case to trial resulted from Plaintiff's own decision or actions. The dockets show that Plaintiff requested or stipulated to seven continuances between June 1, 2004, and February 6, 2006. Much of the delay was also caused by unforseen conflicts with Plaintiff's court-appointed counsel and by Plaintiff's filing of motions to quash or motions to suppress which required extensive briefing. Third, Plaintiff has not alleged any prejudice resulting from the failure to bring his

case to a speedy trial.  Plaintiff admits that the charges
against him were eventually dismissed and court records show that
Plaintiff was convicted and imprisoned in another case on
September 27, 2005, thus, thus Plaintiff was not held in pretrial
confinement for much of the time his case was awaiting trial.
Finally, even if Plaintiff could show a speedy trial violation he
has not alleged any facts linking any of the named defendants to
such a claim.  Each of the named defendants are peace officers
who apparently had no control, whatsoever, over the prosecution
of Plaintiff's criminal cases.

Thus, the Court finds that Plaintiff's Complaint fails to
state a claim under the Sixth Amendment for denial of a speedy
trial and that claim is dismissed.

### B. Due Process

Plaintiff's Complaint also alleges a claim under the
Fourteenth Amendment for denial of due process.  Specifically,
Plaintiff alleges that his due process rights were violated "by
the defendants actions of entrapping him & illegally searching
his residence, unlawful detention & search of his person based
upon a deficient search warrant."  (Compl. at 12.)

The Supreme Court has held that where a "particular
Amendment provides an explicit textual source of constitutional
protection against a particular sort of government behavior, that

12

Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing [such] claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  Moreover, the Tenth Circuit has explained that "a plaintiff's claim of an unconstitutional seizure by an officer is properly analyzed under the Fourth Amendment standard rather than under a substantive due process standard." *Lawmaster v. Ward*, 125 F.3d 1341, 1351 (10th Cir. 1997).

Plaintiff's due process claims based on the search and seizure of his person or residence are clearly based on the same allegations as his Fourth Amendment claims.  Because the Fourth Amendment provides the appropriate framework for addressing these alleged violations the corresponding substantive due process claims are redundant and are dismissed.

Plaintiff's allegations of entrapment also fail to state a claim under the Fourteenth Amendment.  As noted by the Tenth Circuit, "'entrapment' is a term of art referring to a limited doctrine devoid of constitutional dimension," *Vega v. Suthers*, 195 F.3d 573, 583 (10th Cir. 1999), thus, under federal law the defense of entrapment may not be asserted as a basis for a cause of action under Section 1983.  *See United States v. Russell*, 411 U.S. 423, 93 S. Ct. 1637 (1973).  As discussed in more detail below, the Court construes Plaintiff's assertion of entrapment as

a claim for malicious prosecution under the Fourth Amendment.
Therefore, Plaintiff's Fourteenth Amendment claim for entrapment
fails to state a claim and is dismissed.

### IV. Motions To Dismiss

### A. Rule 12(b)(6) Standard

Under Rule 12(b)(6) a court may dismiss a complaint for
"failure to state a claim upon which relief can be granted."
Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) for
failure to state a claim is generally with prejudice.  *See
Sheldon v. Vermonty*, 269 F.3d 1202, 1207 (10th Cir. 2001).  When
reviewing the sufficiency of a complaint the Court "presumes all
of plaintiff's factual allegations are true and construes them in
the light most favorable to the plaintiff." *Hall v. Bellmon*, 935
F.2d 1106, 1109 (10th Cir. 1991).  Moreover, when the plaintiff
is proceeding pro se the Court must construe the pleadings
liberally and hold them to a less stringent standard than formal
pleadings drafted by lawyers.  *Id.*  However, "[t]he broad reading
of the plaintiff's complaint does not relieve [him] of the burden
of alleging sufficient facts on which a recognized legal claim
could be based." *Id.*  While a plaintiff need not describe every
fact in specific detail, "conclusory allegations without
supporting factual averments are insufficient to state a claim on
which relief can be based." *Id.*

14

The Supreme Court has clarified the pleading standard by
stating that a complaint must contain enough factual allegations
"to state a claim to relief that is plausible on its face."  *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974
(2007).  The Tenth Circuit has interpreted this to mean that
"[t]he complaint must plead sufficient facts, taken as true, to
provide 'plausible grounds' that discovery will reveal evidence
to support the plaintiff's allegations."  *Shero v. City of Grove*,
510 F.3d 1196, 1200 (10th Cir. 2007) (quoting Twombly, 127 S. Ct.
at 1965).  "Factual allegations [in a complaint] must be enough
to raise a right to relief above the speculative level."  *Robbins
v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).  And, "the
complaint must give the court reason to believe that this
plaintiff has a reasonable likelihood of mustering factual
support for [his] claims."  *Ridge at Red Hawk, L.L. C. v.
Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  The
"requirement of plausibility serves not only to weed out claims
that do not (in the absence of additional allegations) have a
reasonable prospect of success, but also to inform the defendants
of the actual grounds of the claim against them."  *Robbins*, 519
F.3d at 1248.

## B. Defendant Dunlap's Motion to Dismiss

Defendant Dunlap, the only state defendant named in the Complaint, moves for dismissal from this suit based on Plaintiff's failure to allege facts affirmatively linking him to any civil rights violation.

It is well-settled that personal participation is an essential element of a § 1983 action.  *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996).  Thus, to state a claim against an individual under Section 1983 a plaintiff must allege in his complaint specific facts showing an affirmative link between each named defendant and the violation of the plaintiff's civil rights.  *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1157 (10th Cir. 2001).

Plaintiff's allegations regarding Defendant Dunlap are extremely limited.  Dunlap is listed in the caption of the Complaint and is also described in the listing of defendants as being "directly responsible for the wrongful actions alleged here." (Compl. at 2.)  However, the only specific, non-conclusory allegation regarding Dunlap is that he was one of the officers present when the search warrant for Plaintiff's residence was executed.  (Compl. at 4.)  Plaintiff does not allege that Dunlap was directly involved in the investigation leading up to the search or that he assisted in obtaining the

16

search warrant.  Nor is there any allegation that Dunlap acted inappropriately during execution of the warrant.  Although Plaintiff alleges that the warrant was invalid it is well-settled that "a police officer who relies in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages."  *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2nd Cir. 1997); *accord Davis v. Gracey*, 111 F.3d 1472, 1484-85 (10th Cir. 1997).

Based on Plaintiff's failure to allege specific facts affirmatively linking Dunlap to any violation of Plaintiff's rights the Court concludes that Plaintiff's Complaint fails to allege a plausible claim for relief against Dunlap.  Thus, Defendant Dunlap's motion to dismiss is granted.

### C. Cedar City Defendants' Motion to Dismiss

Defendants Millett, Thomas and Kelly have filed a combined motion to dismiss challenging the sufficiency of each of Plaintiff's claims against them.  Having already found Plaintiff's speedy trial and due process allegations legally deficient the Court will address only the remaining Fourth Amendment claims against these defendants.

### i. Defendant Millett

Defendant Millett moves for dismissal from this case based

17

on Plaintiff's failure to affirmatively link him to any civil rights violation.  Millett asserts that he is not a proper defendant with regard to Plaintiff's Fourth Amendment claims because his only alleged involvement was being present when the search warrant was executed on Plaintiff's residence.  Millett is also identified in the Complaint as the "Commander" of the Task Force.

As previously discussed, to pass muster a civil rights complaint must allege specific facts showing that each named defendant personally participated in violating the defendant's rights.  It is well settled that liability for a civil rights violation cannot be based on *respondeat superior*.  *See West v. Atkins*, 487 U.S. 42, 54 n.12, 108 S. Ct. 2250, 2258 n.12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  In other words, a defendant may not be held liable merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Instead, to state a cognizable claim under § 1983 against a supervisor, a plaintiff must show "that an affirmative link exists between the [constitutional] deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  *Holland ex rel.*

18

*Overdorff v. Harrington,* 268 F.3d 1179, 1187 (10th Cir. 2001).

Aside from helping execute the search warrant for Plaintiff's residence, Plaintiff's Complaint does not allege that Millett had any other direct participation in either of the incidents giving rise to this suit.  As previously mentioned, mere participation in executing a facially valid warrant is not sufficient grounds for liability under Section 1983.  Moreover, despite identifying Millett as the Task Force Commander, Plaintiff has not alleged any facts showing that Millett personally directed or controlled either of the investigations in this case or directly caused any injury by failing to supervise his officers.

Thus, the Court concludes that Plaintiff's Complaint fails to allege a plausible claim for relief against Millett and his motion to dismiss is granted.

### ii. Defendants Thomas and Kelly

Despite their admitted involvement in the *Terry* stop incident leading to Plaintiff's January 2004 arrest, Thomas and Kelly assert that Plaintiff's Complaint fails to state a claim against them because it alleges only "entrapment," which is not a valid basis for a Section 1983 claim.  While Defendants are correct that Plaintiff cannot rely on entrapment as the basis for his claims the Court finds that Plaintiff's Complaint can be

liberally construed to state a claim for malicious prosecution. The Tenth Circuit has held that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

Construed liberally, Plaintiff's Complaint alleges two separate Fourth Amendment claims against Thomas and Kelly. First, that they unreasonably searched Plaintiff and arrested him without probable cause. And, second, that they conspired to have Plaintiff prosecuted for possession of methamphetamine. The Tenth Circuit has recognized that a malicious prosecution claim may be cognizable under § 1983, and that the common law elements of malicious prosecution are the "starting point" for the analysis of such a claim. *Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir.1996). The elements of the common law tort of malicious prosecution, as applicable in a § 1983 claim, are: (1) the defendant was instrumental in the plaintiff's continued confinement or prosecution; (2) the original action was terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the

plaintiff sustained damages.  *Pierce v. Gilchrist*, 359 F.3d 1279, 1291-97.

Here, Plaintiff alleges that Thomas and Kelly effectively planted evidence on him and then arrested him without a warrant or probable cause.  They then allegedly acquiesced in Plaintiff's criminal prosecution causing him significant damages.  The fact that Thomas and Kelly did not personally initiate criminal proceedings would not shield them from liability if they were "instrumental in the plaintiff's continued confinement or prosecution."  *Robinson v. Maruffi*, 895 F.2d 649, 655-56 (10th Cir. 1990).

Because the Court finds that Plaintiff's Complaint adequately alleges claims against Thomas and Kelly under the Fourth Amendment their motion to dismiss is denied.

### V. Further Proceedings

The docket in this case shows that County Defendants filed a motion for summary judgment on August 27, 2009, supported by extensive exhibits including the Affidavit of Del Schlosser, a Utah DPS Investigation Report by Del Schlosser, and a transcript of a taped conversation between Plaintiff and Defendant Patrick. To date, Plaintiff has not filed a response to County Defendants' summary judgment motion.

The Court finds that expedited summary judgment proceedings

21

would best facilitate efficient adjudication of Plaintiff's remaining claims and prevent unnecessary discovery delays. Thus, within sixty days the remaining Cedar City Defendants shall file a properly supported motion for summary judgment addressing Plaintiff's Fourth Amendment claims as outlined herein. If necessary, County Defendants may also amend their summary judgment motion within sixty days to conform with this Order. After receiving Cedar City Defendants' summary judgment materials, if Plaintiff believes that discovery is necessary to properly respond to either Cedar City Defendants' or County Defendants' summary judgment motions Plaintiff may file a discovery motion within twenty days. However, the discovery motion must specifically identify the evidence sought and shall clearly explain how the evidence is relevant to the issues at bar. Within ten days Defendants may object to any discovery request that is not specifically tailored to meet Defendants' summary judgment motion or otherwise fails to comply with the rules of procedure. Plaintiff is warned that abuse of discovery may result in sanctions including dismissal of this case.

If a timely discovery motion is not filed, Plaintiff shall have thirty days to respond to Defendants' summary judgment motions. Plaintiff is hereby notified that in response to a summary judgment motion he cannot rest upon the mere allegations

22

in his pleadings.  Instead, as required under Federal Rule of
Civil Procedure 56(e), Plaintiff must come forth with specific
facts, admissible in evidence, showing that there is a genuine
issue remaining for trial.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motions for appointed counsel (Docket Nos. 33, 44, 54, and 67) are **DENIED**;

(2) Plaintiff's motion for discovery (Docket No. 55) is **DENIED**;

(3) Plaintiff's Sixth Amendment speedy trial and Fourteenth Amendment due process claims are **DISMISSED**;

(4) Defendant Millett's motion to set aside default (Docket No. 51) is **GRANTED**;

(5) Defendant Millett, Thomas, and Kelly's motion to dismiss (Docket No. 49) is **GRANTED IN PART** and **DENIED IN PART**;

(6) Defendant Dunlap's motion to dismiss (Docket No. 70) is **GRANTED**; and,

(7) within **sixty days** Defendants Thomas and Kelly shall file a properly supported motion for summary judgment addressing Plaintiff's Fourth Amendment claims as explained herein. County Defendants may also amend their summary judgment motion within sixty days to conform with this order.

DATED this 28th day of September, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge